UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES MICHAEL WEISS,

                Plaintiff,

v.                                                                                                   1:19-CV-0705
                                                                                                     (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | JEANNE MURRAY, ESQ.<br>KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | FRANCIS TANKARD, ESQ.<br>MEGHAN MCEVOY, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 17.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.**      **RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1981. (T. 75.) He completed the 12th grade. (T. 46.) Generally, Plaintiff's alleged disability consists of: type II diabetes; disc displacement; gastroparesis; Tetralogy of Fallot; and "leg problems." (T. 76.) His amended alleged disability onset date is June 27, 2015. (T. 48.) His date last insured is June 30, 2016. (T. 76.) His past relevant work consists of cashier, collection clerk, rental consultant, and cashier. (T. 35.)

### B. Procedural History

On June 27, 2015, Plaintiff applied for a Period of Disability and Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 75.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On February 2, 2018, Plaintiff appeared before the ALJ, Lisa B. Martin. (T. 42-74.) On March 29, 2018, ALJ Martin issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 19-41.) On April 3, 2019, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-8.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 24-37.) First, the ALJ found Plaintiff met the insured status requirements through June 30, 2016 and Plaintiff had not engaged in substantial gainful activity since June 27, 2015. (T. 24.) Second, the ALJ found Plaintiff had the severe impairments of: diabetes, right leg disorder status-post crush injury, left knee disorder,

lumbar spine disorder, Tetralogy of Fallot congenital heart disorder, gastroesophageal reflux disease with periods of hyperemesis, gastroparesis, diverticulosis, and marijuana use disorder.  (*Id*.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 27.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work.  (T. 29.)  The ALJ further found:

> [Plaintiff] is limited to standing/walking for four hours and sitting for the remainder of the 8-hour workday.  [Plaintiff] needs an opportunity to change positions as often as every 30 minutes for 1-2 minutes.  He is precluded from all ladder, rope, or scaffold climbing and is limited to occasional postural motions otherwise.  He is limited to occasional pushing and pulling with his lower extremities.  [Plaintiff] must avoid all exposure to dangerous work hazards, including unprotected heights and exposed moving machinery, and all exposure to extreme heat, humidity, and cold conditions.  Because of pain distractions, he is limited to detailed, but not complex, work tasks, that allow for off-task behavior for up to 3% of the workday.

(T. 29.)  Fifth, the ALJ determined Plaintiff was unable to perform his past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 35-37.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two separate arguments in support of his motion for judgment on the pleadings.  First, Plaintiff argues the ALJ "relied upon her own lay opinion in assessing Plaintiff's RFC, resulting in an RFC not supported by substantial evidence." (Dkt. No. 13 at 13-21.)  Second, and lastly, Plaintiff argues the ALJ failed to properly assess Plaintiff's subjective complaints because she mischaracterized Plaintiff's activities of daily living.  (*Id*. at 21-23.)  Plaintiff also filed a reply in which he reiterated her original arguments.  (Dkt. No. 16.)

3

### B. Defendant's Arguments

In response, Defendant makes one argument. Defendant argues substantial evidence supported the ALJ's decision that Plaintiff was not under a disability at any time from June 27, 2015 through June 30, 2016. (Dkt. No. 15 at 17-29.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.     ANALYSIS**

Plaintiff argues the ALJ provided the only medical opinion in the record "partial weight" because the ALJ "clearly recognized" the opinion was "deficient," however, the ALJ failed to develop the record and instead relied upon her own lay interpretation of bare medical findings to "equate Plaintiff's complex impairments to exertional and non-exertional limitations with absolutely no basis."  (Dkt. No. 13 at 18.)  Here, the ALJ properly determined Plaintiff's RFC based on the record as a whole, not her own lay interpretation of bare medical findings.  Further, the ALJ was not obligated to develop the record.

The RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources.  *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c).  Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity.  *Id*. §§ 404.1512(c), 404.1527(e)(2), 404.1545(a), 404.1546(c).

In general, an ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion.  The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required."  *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017)

(internal quotations and citation omitted); see Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). Therefore, the assertion the ALJ's RFC determination was the product of legal error because it was not supported by a specific medical opinion is without merit.

Here, the ALJ formulated Plaintiff's RFC based on the record as a whole, not just upon the medical opinions alone and substantial evidence supports the ALJ's determination. Trepanier v. Comm'r of Soc. Sec. Admin., 752 F. App'x 75, 79 (2d Cir. 2018). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support" a conclusion. Biestek v. Berryhill, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019). As outlined below, the ALJ based Plaintiff's RFC, not on her own lay interpretation of raw medical evidence, but on substantial evidence consisting of the only medical opinion in the record, objective medical findings, and Plaintiff's testimony.

Consultative examiner, Asha Mallesh, M.D. examined Plaintiff on August 26, 2015, reviewed x-Ray imaging, and provided a medical source statement. (T. 872-876.) Dr. Mallesh opined Plaintiff had "mild limitations with prolonged standing, walking, squatting and bending." (T. 875.) She further opined Plaintiff had "mild limitation using right ankle and climbing with right ankle." (Id.)

First, Dr. Mallesh's opinion of mild limitations is consistent with light work. Courts have frequently found that moderate limitations in exertional demands are consistent with an RFC for light work. Casro-Pastrana v. Comm'r of Soc. Sec., No. 18-CV-6902, 2020 WL 4933673, at *4 (W.D.N.Y. Aug. 24, 2020); see Burch v. Comm'r of Soc. Sec.,

No. 17-CV-1252P, 2019 WL 922912, at *4-6 (W.D.N.Y. Feb. 26, 2019) (collecting cases and finding the consultative examiner's opinion plaintiff had moderate limitations in the ability to lift, carry, push, and pull, along with the ALJ's stated reasons, "support[ed] the finding that, despite the moderate limitations[,] ... [plaintiff] could still perform light work"); see *Grega v. Berryhill*, No. 17-CV-6596, 2019 WL 2610793, at *10 (W.D.N.Y. June 26, 2019) (light work not inconsistent with moderate exertional limitations); see *Richardson v. Colvin*, No. 15-CV-6276, 2016 WL 3179902, at *8 (W.D.N.Y. June 8, 2016) (collecting cases for the proposition that "moderate limitations ['on 'repetitive heavy lifting, bending, reaching, pushing, pulling, or carrying'] ... are frequently found to be consistent with an RFC for a full range of light work") (internal citations omitted). Therefore, because moderate limitations are not inconsistent with the demands of light work, neither are lesser mild limitations.

Second, the ALJ did not find Dr. Mallesh's opinion "deficient." Indeed, the ALJ considered the opinion and determined evidence in the record supported greater limitations. A reviewing court "defer[s] to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.,* 692 F.3d 118, 122 (2d Cir. 2012). Here, the ALJ ultimately resolved the conflict in Plaintiff's favor.

Here, the ALJ adequately assessed the medical opinion and determined the opinion did not account for Plaintiff's pain and digestive condition. Although Dr. Mallesh's opinion is ultimately consistent with the ALJ's RFC for light work, the ALJ concluded evidence in the record supported additional limitations. (T. 32.) The ALJ reasoned Dr. Mallesh's did not "adequately consider the combined effects of [Plaintiff's]

conditions, including pain secondary to musculoskeletal and digestive conditions." (T. 34.)  In her thoroughly written decision, the ALJ explained she limited Plaintiff:

> to a light level of exertion associated with reduced standing, limited to occasional postural motions, avoidance of dangerous work hazards deals with [Plaintiff's] issues. Further, the limitations associated with detailed, but not complex, work tasks and allowing for some off-task appropriately reflect pain distraction limitations the claimant may experience in a work setting. Moreover, in light of [Plaintiff's] hearing testimony with regard to increased musculoskeletal pain in cold temperatures, I find [Plaintiff] needs to avoid exposure to cold conditions.

(T. 32.)

Indeed, at the hearing Plaintiff testified he was limited to sitting for no more than 30 minutes, standing or walking for no more than 30 minutes, and lifting 15 pounds due to pain.  (T. 30, 54, 61, 64.)  The ALJ determined Plaintiff's symptoms, including pain, would affect his concentration, persistence or pace and therefore limited Plaintiff to no complex work and off task behavior.  (T. 29.)

Here, the ALJ's RFC determination is ultimately more restrictive than the opined limitations provided by Dr. Mallesh, the only medical opinion in the record. *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020); *Baker v. Berryhill*, No. 1:15-cv-00943-MAT, 2018 WL 1173782, at *4 (W.D.N.Y. Mar. 6, 2018) ("[R]emand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record.").  Because the ALJ based her RFC on the record as a whole, and because the RFC contains greater restrictions than provided by any medical source, the RFC is not faulty and remand is not warranted.

Further, there are no "obvious gaps" in the administrative record, therefore, the ALJ "is under no obligation to seek additional information in

9

advance of rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d 72, 79 n. 5 (2d Cir. 1999); *Janes v. Berryhill*, 710 F. App'x 33 (2d Cir. 2018) (ALJ is not required to develop the record any further when the evidence already presented is adequate for the ALJ to make a determination as to disability) (internal quotation omitted).

Overall, although the ALJ's RFC determination did not mirror a specific medical opinion, the ALJ did not formulate the RFC based on her own lay interpretation of bare medical evidence. The ALJ relied on the only medical opinion in the record and Plaintiff's testimony at the hearing. The ALJ's RFC determination was indeed more restrictive than the medical opinion. Therefore, the ALJ properly assessed Plaintiff's RFC and her determination was supported by substantial evidence in the record.

Next, Plaintiff argues the ALJ "overstated and mischaracterized" Plaintiff's daily activities in assessing his subjective complaints. (Dkt. No. 13 at 21-22.) Here, the ALJ did not overstate or mischaracterize Plaintiff's daily activities. The ALJ properly found Plaintiff's statements regarding the limiting effects of his symptoms were inconsistent with other evidence in the record, including his own reports of daily activities.

In general, the ALJ must employ a two-step analysis to evaluate the claimant's reported symptoms. *See* 20 C.F.R. § 404.1529. First, the ALJ must determine whether, based on the objective medical evidence, a plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged." *Id*. § 404.1529(a). Second, if the medical evidence establishes the existence of such

impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit the claimant's ability to do work.  *See id.*

At this second step, the ALJ must consider: (1) plaintiff's daily activities; (2) the location, duration, frequency, and intensity of plaintiff's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication plaintiff takes or has taken to relieve his pain or other symptoms; (5) other treatment plaintiff's receives or has received to relieve his pain or other symptoms; (6) any measures that plaintiff takes or has taken to relieve his pain or other symptoms; and (7) any other factors concerning plaintiff's functional limitations and restrictions due to his pain or other symptoms.  20 C.F.R. § 404.1529(c)(3)(i)-(vii).

The ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record.  (T. 30.)

In assessing Plaintiff's statements, the ALJ properly summarized Plaintiff's testimony, regarding his daily activities.  (T. 30.)  The ALJ noted Plaintiff testified he was able to: occasionally lift his 16-pound bowling ball; babysit his girlfriend's children; care for pets; play disc golf; prepare meals daily; do housework; play billiards; drive; shop; and perform minor repairs.  (*Id.*)

Indeed, in August 2015, as part of his written application for benefits, Plaintiff indicated he cared for his girlfriend's children by feeding them, changing their diapers, watching TV with them, and watching them play outside.  (T. 233.)  He indicated he

used to be able to work and play sports "all day," but due to his impairments he could only do "about [two hours] maximum." (*Id*.) When asked what he did during the day, Plaintiff wrote he "mostly" watched TV, "maybe" played disc golf, and babysit his girlfriend's two children. (T. 234.) He stated he played disc golf two to three times a week and billiards once a month. (T. 246.) He indicated he fixed meals daily and could do household chores. (T. 235.) When asked to explain how his impairments affected his ability to stand, he stated he was limited to "no more than about 30 minutes." (T. 247.) He indicated he was limited to walking "about 30 minutes" and sitting "45-60 minutes" before his back became "fatigued." (*Id*.) At his 2018 hearing, Plaintiff testified he could stand up to 30 minutes, walk 20 to 30 minutes, and sit 20 to 30 minutes before needing to adjust. (T. 54, 61-62.) A review of the record and the ALJ's decision supports the conclusion that the ALJ properly summarized Plaintiff's activities.

Plaintiff argues his activities do not equate to competitive work and the ALJ failed to recognize his ability to engage in "completely mundane activities" is not consistent with the ability to maintain employment. (Dkt. No. 13 at 23.) Plaintiff's argument fails.

First, as outlined above, the ALJ did not mischaracterize Plaintiff's activities. The ALJ accurately summarized Plaintiff's testimony regarding his abilities at the time of his application and hearing.

Second, the ALJ did not determine Plaintiff's activities equated to full time work. In considering activities of daily living, "[t]he issue is not whether the clinical and objective findings are consistent with an inability to perform all substantial activity, but whether plaintiff's statements about the intensity,

persistence, or functionally limiting effects of his symptoms are consistent with the objective medical and other evidence." *Coger v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 427, 436 (W.D.N.Y. 2018) (citing *Morris v. Comm'r of Soc. Sec.*, No. 5:12-CV-1795, 2014 WL 1451996, at *6 (N.D.N.Y. Apr. 14, 2014)). Here, the ALJ properly determined Plaintiff's testimony regarding the limiting nature of his impairments was inconsistent with evidence in the record, including his daily activities.

And lastly, as outlined above, the ALJ gave Plaintiff the benefit of the doubt and provided greater limitations in the RFC due to Plaintiff's reported limitations due to pain. Overall, the ALJ did not err in her characterization of Plaintiff's activities. A review of the record and the ALJ's decision supports the conclusion that the ALJ properly relied on Plaintiff's written testimony and hearing testimony, the ALJ did not mischaracterize Plaintiff's activities, and the ALJ did not equate the ability to perform activities with the ability to perform full time employment.

Overall, the ALJ's RFC determination, including the ALJ's assessment of Plaintiff's subjective statements, was proper and supported by substantial evidence.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:      October 16, 2020

_____
William B. Mitchell Carter
U.S. Magistrate Judge

.